UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGETTA LANGLOIS,

      Plaintiff,

v.                                       CASE NO. 8:06-CV-682-T-TGW

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

O R D E R

THIS CAUSE came on for consideration upon the Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus and Declaratory Relief (Doc. 8-1). The plaintiff has failed to respond to the motion and has not demonstrated any basis for mandamus relief.

The plaintiff alleges an inconsistency in two statements she received in 2004 from the Social Security Administration (Doc. 1). She allegedly asked for a clarification of this matter and did not receive one (id. at p. 3).

Consequently, the plaintiff filed this action seeking a writ of mandamus pursuant to 28 U.S.C. 1361 for an order that directed the Commissioner of Social Security to provide an explanation to her inquiry (id. at p. 4). The defendant responded by filing a motion to dismiss under Rule 12(b)(1), F.R.Civ.P. (Doc. 8-1). Moreover, in the accompanying memorandum, the Commissioner set forth further information concerning the inquiry and suggested that the matter was moot (id. at p. 6). The plaintiff has not responded to the defendant's motion to dismiss.

Under 28 U.S.C. 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus "is an extraordinary remedy and will not lie if other remedies are available." In Re U.S., 985 F.2d 510, 511 (11th Cir. 1993), cert. denied, 510 U.S. 989 (1993). In order to establish mandamus jurisdiction, a plaintiff must show that the defendant owes her a clear nondiscretionary duty and that she has exhausted all other avenues of relief. Heckler v. Ringer, 466 U.S. 602, 616 (1984); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).

Wholly aside from the unresolved issue of whether 42 U.S.C. 405(h) precludes mandamus relief, as the Commissioner notes, mandamus is not available in the circumstances of this case. Particularly in light of the plaintiff's failure to respond to the motion to dismiss, she has not demonstrated any statutory or regulatory basis for concluding that the Commissioner had a clear nondiscretionary duty to provide the additional information the plaintiff requested.

It is, therefore, upon consideration

ORDERED:

That the Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus and Declaratory Relief (Doc. 8-1) be, and the same is hereby, GRANTED, and the case is DISMISSED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE AND ORDERED at Tampa, Florida, this 26th day of July, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

3